DOTY, APPELLANT, *v.* McCLUSKY ET AL., DEFENDANTS; GRIFFIN, INTERVENER AND RESPONDENT.

(No. 1,650.)

(Submitted July 17, 1903. Decided July 20, 1903.)

*Appeal—Insufficient Record—Dismissal.*

On appeal by plaintiff from a judgment for intervener, where neither the order striking out plaintiff's answer to the complaint in intervention, nor the one refusing him leave to file an answer, nor the one granting intervener's motion for judgment on the pleading, was in the record, alleged errors therein could not be reviewed.

*Appeal from District Court, Jefferson County; M. H. Parker, Judge.*

ACTION by James H. Doty against James McClusky and others. Daniel Griffin intervened. From a judgment in favor of intervener, plaintiff appeals. Dismissed.

*Mr. George F. Cowan,* and *Mr. T. T. Lyon,* for Appellant.

*Mr. C. F. Kelley,* and *Mr. C. P. Connolly,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Plaintiff brought this action to compel the defendant McClusky to execute to him a deed to an undivided one-fourth interest in the Blue Bell quartz lode mining claim, situate in Jefferson county, to supply the place of a prior deed which had been lost before record. The defendants, Madsen, Christopherson and Deitch, are alleged to be lessees of the plaintiff, and one John T. Murphy the owner of another interest in the claim, and were made parties defendant for the purpose of having them enjoined from paying to Murphy and McClusky royalties upon the ores extracted by them pending final judgment, which it is alleged they were doing when the action was commenced. Murphy is not a party. Griffin was permitted to intervene, and filed his complaint, denying the execution of the deed to plaintiff, and setting up title in himself to the interest in controversy, under a deed executed and delivered to him by McClusky. The plaintiff has appealed from a judgment in favor of the intervener.

The record is very imperfect. The plaintiff relies for a reversal of the judgment upon alleged errors of the court in striking out his answer to the complaint in intervention, and subsequently, and upon an application for that purpose, refusing him leave to file an answer, and rendering judgment in favor of the intervener, after denying plaintiff a trial upon the issues aris-

ing upon the allegations of his complaint and the denials thereof in the complaint of intervention.

If we could look to the statements of counsel in oral argument and in their briefs for information as to what transpired during the proceedings in the district court, we should say that the judgment is undoubtedly void. The record, however, presents nothing of which this court can take notice. It does not contain copies of the orders showing the action taken by the district court in respect of any of the matters of which the appellant complains. Neither the order striking out plaintiff's answer, nor the one denying him the right to file an answer, nor the one sustaining the defendant's motion for judgment on the pleadings, is found in the record. This court cannot, therefore, consider them, or undertake to revise the action of the court thereon. The appeal is therefore dismissed.

*Dismissed.*